IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**PENG Z. ANDERSON**                                                                                    **PLAINTIFF**

**VS.**                                                      **CAUSE ACTION NO.: 3:10cv469TSL-FKB**

**MISSISSIPPI BAPTIST MEDICAL CENTER**
**BETHANY HILL**                                                                                          **DEFENDANT**

## MOTION TO RECONSIDERATION AND/OR IN THE ALTERNATIVE
## MOTION TO ALTER OR AMEND THE JUDGMENT

C**OMES NOW**, Plaintiff, Peng Anderson, by and through undersigned counsel, and respectfully files this Motion for Reconsideration and/or in the Alternative Motion to Alter or Amend the Judgment filed pursuant to F.R.C.P. Rule 59(e) and 60(a) and (b)(6), and in support thereof, would show the following:

1. Peng Anderson filed this employment discrimination and retaliation action on or about August 24, 2010. (*See*, Docket Entry #1). On or about July 9, 2011, Anderson filed her Amended Complaint to state a claim for retaliation under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. (*See*, Docket Entry #72). In her Amended Complaint, Anderson alleged the defendants "discriminated and retaliated against [her] for exercising her rights to work in a work place free of discrimination based on her national origin and free of racial discrimination and retaliation." (*See*, Docket Entry #72, para. 2, p.1-2). Anderson asked the Court to grant her declaratory relief by "enjoining the Defendants from in the future engaging in such discrimination and retaliatory practices." (*See*, Docket Entry # 72, paragraph 45).

2.      On or about July 20, 2011, Defendants filed their Answer to Anderson's Amended Complaint.  Defendants denied that paragraph 2 of Anderson's Amended Complaint wherein she alleged that the defendants retaliated against her for exercising her rights to work in a work place free of discrimination based on her national origin and free of racial discrimination and retaliation.  (*See*, Docket Entry # 75, para. 2).

3.      On the same day, the defendants filed their Motion for Summary Judgment along with their Memorandum in Support of their Motion for Summary Judgment.  (See, Docket Entry # 76).   The defendants sought summary judgment on all of Anderson's claims except her retaliation claims.   (*See*, Docket Entry # 76 and 77).    The defendants in their Motion for Summary Judgment did not contend that there were genuine issues of material facts on Anderson's retaliation claims. .  (*See*, Docket Entry # 76). The defendants in their Memorandum did not address Anderson's retaliation claims. .  (*See*, Docket Entry # 77).

3.      In this Court's Order dated August 18, 2011, this Court did not address Anderson's retaliation claim as the defendants did not place that claim before the Court when it asked the court to dismiss Anderson's Title VII claims and her state law claims. In *McNairy v. Chickasaw County, Mississippi*, 2010 U.S.Dist. LEXIS 99412, *6  (2010), the Court stated that "[a] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been before the judgment issued… This court may grant relief under 59(e) 'if an intervening change in controlling law occurs; if new evidence becomes available; or to correct a clear

2

error of law and to prevent manifest injustice'… A district court has 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'"

4. In the instant case, this Court should alter its judgment to prevent manifest injustice and/or to correct a clear error of law.  Here, the defendants were well aware that Anderson claims that she was forced to report to work ill and under the influence of prescription narcotics on the night in question and subsequently fired because she complained that her immediate supervisor, Bethany Hill was discriminating against her because of her race and national origin.  The defendants, however, elected not to place this issue before the Court in its Motion for Summary Judgment and their Memorandum. When the defendants failed to seek summary judgment on Anderson's retaliation claim, the defendants conceded that there were genuine issues of material facts which precluded summary judgment on Anderson's retaliation claims.

5. Assuming arguendo that the defendants do not concede Anderson's retaliation claims, this Court should not dismiss Anderson's retaliation claims without requiring the defendants to brief the claims.  To prevent manifest injustice and to correct a clear error of law, this Court at a minimum should alter its judgment and allow Anderson's retaliation claims to proceed to trial and/or require defendant's to brief  Anderson's retaliation claims and permit Anderson to respond to same.

6. In addition, undersigned counsel prays that she be allowed to respond to the issues that the defendants raised in their Motion for Summary Judgment since those issues are interwined with Anderson's retaliation claims.  Undersigned counsel makes this request because Anderson will be prejudiced by undersigned counsel's failure to adhere to the rules of this Court.  While undersigned counsel recognizes that her failure to comply

with the rules of the Court due to her current workload does not constitute good cause, this Court nevertheless has wide discretion to alter its judgment to permit undersigned counsel to respond to all of the issues once the defendants have briefed Anderson's retaliation claims. Instead of exacting such a harsh penalty on Anderson, this Court should consider imposing sanctions on undersigned counsel for failing to adhere to the rules of this court.

7. This Motion for Reconsideration and/or Motion to Alter and/or Amend the Judgment and Motion for Relief from Judgment or Order will not cause prejudice to any parties and is made in good faith and will not delay or disrupt any other proceedings in this case. This Motion is made in good faith and not for harassment or delay but that justice may be served.

**WHEREFORE PREMISES CONSIDERED**, undersigned counsel prays that this Court will enter an Order granting the Motion for Reconsideration and/or Motion to Alter and/or Amend the Judgment and Motion for Relief from Judgment or Order to permit undersigned counsel to file Anderson's brief outside of time, require Defendants to brief Anderson's retaliation claims and allow her to respond to same. Plaintiff prays for such other relief as may be appropriate under the premises.

**RESPECTFULLY SUBMITTED**, this the 19th day of August, 2011.

PENG Z. ANDERSON

By: //s// Lisa M. Ross
　　LISA M. ROSS, ESQ., MSB#9755
　　Post Office Box 11264
　　Jackson, MS  39216
　　(601) 981-7900 (Office)
　　(601) 981-7917 (Facsimile)
　　HER ATTORNEY

4

5

**CERTIFICATE OF SERVICE**

I, Lisa M. Ross, attorney for the Plaintiff, do hereby certify that I have this day served via ECF filing a true and correct copy of the above and foregoing document to the following counsel of record:

Barbara Childs Wallace – bcw@wisecarter.com

D. Collier Graham – dcg@wisecarter.com

**SO CERTIFIED**, this the 19th day of August, 2011.

                                            //s// Lisa M. Ross
                                            Lisa M. Ross