IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PENG Z. ANDERSON                                                                                    PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:10-cv-469-TSL-MTP

MISSISSIPPI BAPTIST MEDICAL CENTER
and BETHANY HILL                                                                                DEFENDANTS

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Seal [91]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [91] should be denied.

Plaintiff brought this action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, alleging she was terminated from her employment as a nurse with Mississippi Baptist Medical Center ("MBMC") because of her race and national origin.[1] On July 20, 2011, Defendants filed a Motion for Summary Judgment [76], and on August 18, 2011, the Court granted the Motion [76] and dismissed this action with prejudice. *See* Opinion and Order [78]; Judgment [79].

More than five years later, on February 17, 2017, Plaintiff filed the instant Motion [91], requesting that the Court seal the entire record in this case.[2] Plaintiff asserts that her "old case" is accessible through public search engines and has greatly affected her life. According to Plaintiff, this action has put her reputation, life, and career in "jeopardy." Plaintiff requests that the Court seal this case so that she "can get [her] life back."

---

[1] Additionally, Plaintiff asserted claims under state law relating to her alleged discriminatory termination.

[2] Plaintiff submitted her request via a letter addressed to the Court, which the Court will consider as a motion to seal.

"Courts have recognized that the public has a common law right to inspect and copy judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  This right of public access serves to "promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *Id*. at 849.  The right of public access, however, is not absolute.  "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598.  Thus, courts must balance the public's right to access against the factors favoring secrecy. *Van Waeyenberghe*, 990 F.2d at 848.

The party seeking to seal court documents bears the burden of establishing that the public's right to access is overcome by the need for secrecy.  "With respect to dispositive matters, the parties seeking nondisclosure must provide sufficiently compelling reasons to override the presumption of public access to court." *360 Mortg. Grp., LLC v. Bivona-Truman*, 2016 WL 7616575, at *1 (W.D. Tex. May 24, 2016) (citing *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)); *see also Oliner v. Kontrabecki*, 745 F.3d 1024, 1025-26 (9th Cir. 2014) ("most judicial records may be sealed only if the court finds 'compelling reasons'") *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("We have explained that, at least in the context of civil proceedings, the decision to seal the entire record of the case . . . must be necessitated by a compelling governmental interest and [be] narrowly tailored to the interest.") (internal quotations and alteration omitted).

Pursuant to Local Rule 79, "[e]xcept as otherwise provided by statute, rule, . . . or order, all pleadings and other materials filed with the court ('court records') become a part of the public

record of the court[, and] [a]ny order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." L.U. Civ. R. 79(a)&(b).  "The decision as to access is one left to the sound discretion of the trial court," *Nixon*, 435 U.S. at 599, but the "'court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Van Waeyenberghe*, 990 F.2d at 848 (quoting *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)).

Plaintiff seeks to have the record in this case sealed because of the alleged negative impact it has had on her reputation and career.  Specifically, Plaintiff asserts as follows:

> [My] old case against my former employer has been put on Google public search engine and become something everyone can see.  It has greatly affect [sic] my life.  I can no longer function normally to care for my patients because of this.  They put my reputation, my life, and my career to [sic] jeopardy.

Plaintiff's complaints regarding the perceived consequences of her lawsuit do not constitute compelling reasons to seal the record in this case. *See Macias v. Aaron Rents, Inc.*, 288 Fed. App'x. 913, 915 (5th Cir. 2008) ("the concerns [plaintiff] mentions—the lack of importance to the public and the potential for employer retaliation against litigious employees—could apply to nearly all cases filed in the federal courts, especially those involving title VII.").  Plaintiff has failed to overcome the presumption of public access to court records.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Seal [91] is DENIED.

SO ORDERED this the 23rd day of March, 2017.

                                                 s/Michael T. Parker
                                                 UNITED STATES MAGISTRATE JUDGE